# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3272-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

PATRICK J. NOLAN,

     Defendant-Appellant.

_____

Argued April 9, 2025 – Decided June 24, 2025

Before Judges Currier and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Accusation No. 24-02-0217.

Eric R. Foley argued the cause for appellant (Law Office of Louis Guzzo, attorneys; Eric R. Foley, on the briefs).

Maura M. Sullivan, Assistant Prosecutor, argued the cause for respondent (Grace C. MacAulay, Camden County Prosecutor, attorney; Maura M. Sullivan, of counsel and on the brief).

PER CURIAM

Defendant appeals from the trial court's December 5, 2023 order denying his motion for admission into the Pretrial Intervention Program (PTI). After a careful review of the contentions in light of the applicable principles of law, we affirm.

The High-Tech Crimes Unit of the Camden County Prosecutor's Office received two separate tips in May and August of 2020 from the National Center for Missing and Exploited Children (NCMEC) of a child or children being exploited over the internet. An ensuing investigation revealed defendant's email address and phone number were associated with the Snapchat account being used in the uploading of images of child pornography. Defendant was also downloading or uploading images of child pornography on another web application—Discord, which was traced to the same email address as the Snapchat account and an IP address associated with defendant.

Police obtained and executed a search warrant for defendant's residence. Defendant admitted to being the owner of the Snapchat and Discord accounts in the NCMEC reports as well as the owner of the email address associated with the accounts.

Defendant also admitted to viewing images of child pornography in both the Snapchat and the Discord accounts using his cell phone. An examination of

2

the phone revealed two videos containing child pornography. The videos depicted nude female children between the ages of five and twelve engaging in sexual acts.

Defendant was subsequently charged with third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4b(5)(b)(iii), specifically, knowingly possessing or viewing and/or having under his control a digital image and/or video of a child pornography.

Thereafter, he filed an application for admission into PTI. In his application, defendant stated he was "gainfully employed . . . and ha[d] been . . . for the last four years . . . , has very strong family ties and has voluntarily engaged in individual therapy." Defendant also provided a letter from his therapist confirming his "ongoing therapy," which began in October 2021.

A Burlington County probation officer recommended against defendant's admission. The officer stated:

> Although [defendant] has no criminal history, this officer is required to take into consideration a variety of factors. Under N.J.S.A. 2C:43-12(e) PTI Guideline 14, when making a recommendation this officer must assess, "whether or not the crime is of such a nature that the value of supervisory treatment would be outweighed by the public need for prosecution[.]" It is this officer's opinion that the needs of the community would be better served by the continued prosecution of this matter through traditional legal procedures. . . .

A-3272-23

In February 2023, the Camden County Prosecutor's Office issued a letter rejecting defendant's admission into PTI. In the letter, the State undertook an analysis of the factors set forth in N.J.S.A. 2C:43-12(e).

Under factor one, "[t]he nature of the offense," N.J.S.A. 2C:43-12(e)(1), the State found it weighed against PTI because of "the nature of the material possessed [by defendant] and the extreme harm that even consumers of [that] material cause to be perpetrated upon child victims." Additionally, the State found the nature of "the digital format of the material recovered, which has the potential to be stored in multiple locations . . . [and] easily sent and stored in various types of media . . . [that] are less likely to be detected," to weigh against admission.

Under factor two, "[t]he facts of the case," N.J.S.A. 2C:43-12(e)(2), the State found the "totality of defendant's conduct [was] concerning" and that it was not an isolated inadvertent act. The State noted that defendant admitted he was the owner of the Snapchat and Discord accounts at issue and to using both of the accounts to view images of child pornography. The findings weighed against admission.

As to factor three, "[t]he motivation and age of the defendant," N.J.S.A. 2C:43-12(e)(3), the State found that defendant, being twenty-six to twenty-

seven years old between May 2020 and his arrest on October 16, 2020, was not a "youthful offender." The State also found defendant's "motivation . . . to have been [a] desire to view, obtain, and possess videos depicting the sexual exploitation of children." Therefore, the State found this factor weighed against PTI admission.

Turning to factor four, "[t]he desire of the . . . victim to forego prosecution," N.J.S.A. 2C:43-12(e)(4), the State found that while "[t]he State [was] unaware of [the] victim's identity," this was not a "victimless offense," and, "[e]ven if the victim was identified and expressed a desire to forgo prosecution, this factor would not control the State's analysis."

Under factor five, N.J.S.A. 2C:43-12(e)(5), the State evaluated "[t]he existence of personal problems and character traits which may be related to the [defendant's] crime and for which services are unavailable within the criminal justice system, or which may be provided more effectively through supervisory treatment" as well as "the probability that the causes of criminal behavior can be controlled by proper treatment." Although defendant submitted he was working with a therapist, the State found the factor weighed against defendant's admission because (1) it was not "convinced that any personal problems or character traits of . . . defendant [were] related to the crime at issue"; (2) it did

"not appear that there [were] services that defendant . . . require[d] which [were] not available through the criminal justice system"; and (3) "nothing ha[d] been submitted to suggest that the causes of defendant's criminal behavior [could] be controlled by proper treatment."

Turning to factor six, N.J.S.A. 2C:43-12(e)(6), the State considered "[t]he likelihood that [defendant]'s crime is related to a condition or situation that would be conducive to change through . . . participation in supervisory treatment" and determined supervision PTI was not appropriate. The State advised that "[g]iven the offense charged, defendant might require a more intensive level of supervision, a level of supervision that might be provided by the Sex-Offender Unit." The factor weighed against admission.

Under factor seven, N.J.S.A. 2C:43-12(e)(7), the State considered "[t]he needs and interests of the victim and society," finding "a strong societal need to deter individuals from engaging in the possession of images and videos of child exploitation . . . [and] to protect the most vulnerable individuals, here innocent children, from acts of predation and exploitation." The State explained that the "PTI program's relatively low level of supervision will not adequately protect th[o]se victims nor address the needs of society."

The State also noted that PTI would subvert public policy as articulated in N.J.S.A. 2C:43-12(a), as PTI is meant to "[p]rovide a mechanism for permitting the least burdensome form of prosecution possible for defendants charged with 'victimless' offenses." N.J.S.A. 2C:43-12(a)(3). Although the children in the images and video were not specifically identified, defendant was not charged with a victimless offense. The factor weighed against admission.

In terms of factor eight, N.J.S.A. 2C:43-12(e)(8), the State considered "[t]he extent to which [defendant]'s crime constitutes part of a continuing pattern of anti-social behavior." The State noted "[t]he offense [was] . . . defendant's first contact with the criminal justice system," and determined "[i]t [was] not clear whether [the] . . . crime constitute[d] a pattern of anti-social behavior." Therefore, the factor weighed in favor of defendant's admission to PTI.

Under factor nine, N.J.S.A. 2C:43-12(e)(9), the State addressed "[defendant's] record of criminal . . . violations and the extent to which . . . [defendant] presents a substantial danger to others." The State found this factor weighed in defendant's favor as the State was unaware of any history of criminal violations and defendant had not demonstrated that he posed a significant danger to others.

A-3272-23

Under factor ten, N.J.S.A. 2C:43-12(e)(10), the State considered "[w]hether or not the crime is of an assaultive or violent nature" and found it was not, weighing in favor of defendant's admission to PTI.

In considering factor eleven, N.J.S.A. 2C:43-12(e)(11), "whether or not prosecution would exacerbate the social problem that led to [defendant]'s criminal act," the State determined that defendant had not submitted any information that a social problem led to his criminal acts and that prosecution would not exacerbate a social problem. Therefore, the State found this factor weighed against defendant's admission to PTI.

The State found that factors twelve, N.J.S.A. 2C:43-12(e)(12), "[t]he history of the use of physical violence toward others" and thirteen, N.J.S.A. 2C:43-12(e)(13), defendant's "involvement . . . with organized crime," were not implicated, and therefore, weighed in favor of defendant's admission.

Under factor fourteen, N.J.S.A. 2C:43-12(e)(14), the State considered "[w]hether . . . the crime is of such a nature that the value of supervisory treatment [is] outweighed by the public need for prosecution," and found this factor weighed against defendant's admission. The State advised "there [wa]s a need to send a message that individuals who possess images of child exploitation will be prosecuted," as "[i]t [would send] the wrong message [if] . . . defendant

. . . escape[d] prosecution via a program such as PTI." Further, the State explained that "no amount of restitution, community service, classes, or programs can address the harm perpetrate[d] upon the child victims."

Turning to factor fifteen, N.J.S.A. 2C:43-12(e)(15), the State considered "[w]hether . . . [defendant's] involvement with other people in the crime charged . . . is such that the interest of the State would be best served by processing his case through traditional criminal justice system procedures." The State found the factor weighed in favor of defendant's admission into PTI because he was the only individual charged under the indictment.

Under factor sixteen, N.J.S.A. 2C:43-12(e)(16), the State considered "[w]hether . . . the applicant's participation in [PTI would] adversely affect the prosecution of codefendants." Because the factor was inapplicable, it did not weigh against defendant's admission into PTI.

Finally, turning to factor seventeen, N.J.S.A. 2C:43-12(e)(17), the State considered "[w]hether . . . the harm done to society by abandoning criminal prosecution would outweigh the benefits to society from channeling an offender into a supervisory treatment program." The State found there was no evidence that society would benefit from defendant's admission into PTI. Instead, it

determined "[s]ociety would suffer greater harm by abandoning prosecution." The factor weighed against PTI.

As the majority of the factors weighed against admission, the State concluded defendant was not an appropriate candidate for the program.

Defendant appealed, and after a hearing, the trial court remanded the matter to the Prosecutor's Office for further consideration. The court instructed:

> [T]he prosecutor should take into account what [the court is] going to ask . . . defendant to provide, which is a more detailed letter from the [therapist,] specifically . . . dealing with this type of offense and possible re-offending, recidivism, and safeguards to ensure that [defendant] will be successful in PTI with counseling that is focused on this type of offense.
>
> . . . .
>
> This is not to say [the court is] telling the prosecutor to change the [S]tate's mind. This is a decision left up to the [S]tate, and the court is aware that it's a very high bar to clear in order to [show] that the decision by the prosecutor to deny PTI . . . [was] arbitrary and capricious, and . . . without enough merit or basis.

Thereafter, defendant provided an additional submission to the State in support of his application that included a psychological evaluation. The psychologist performed a forensic interview and testing and determined

defendant had a "low risk for future acts of sexually offensive behavior." The psychologist recommended defendant's acceptance into PTI.

On remand, the State found the psychological evaluation changed only factor six, which now weighed in defendant's favor. The State concluded its analysis still weighed against admission into PTI, primarily due to: (1) the overwhelming nature of the evidence and defendant's confession to the crime; (2) the digital nature of the material found on defendant's phone, (3) the crime involved victims; (4) the PTI program's inability to "ameliorate the harm that is perpetrated upon child victims"; and (5) the Legislature's intent that defendants convicted of the subject offense should be subject to parole supervision for life which is inconsistent with PTI diversion.

Defendant appealed again. On December 5, 2023, the trial court denied the appeal. In its oral decision, the court found defendant had not met his burden to show by clear and convincing evidence that the State's denial of PTI "was a patent and gross abuse of discretion . . . [and] that the prosecutor didn't consider all relevant factors . . . ." The court explained that its role was not to weigh the factors on the merits, but rather to determine whether the State made a clear error in judgment. The court found that the State had considered all the relevant

factors both before and after remand and even changed the weight it afforded one of the factors.

Further, the court cited State vs. Nwobu, 139 N.J. 236, 252-53 (1995), which held that a defendant must "demonstrate something extraordinary or unusual, something 'idiosyncratic' in [their] background" to support their admission into PTI and show the State categorically denied their PTI petition. The court found defendant's situation was not extraordinary or unusual even after considering the positive information in the psychologist's report.

The court also found that although defendant had to be considered as an individual and not simply by the category of the offense, the nature of the offense was a relevant factor along with the harm to the victims. After analyzing the additional factors, and giving deference to the State's PTI determination, the court concluded there was no clear patent or gross abuse of discretion by the prosecutor, and "the [State's] decision makes sense and is well supported [as] . . . [a]ll relevant factors were considered."

Subsequently, defendant pleaded guilty to third-degree endangering the welfare of a child and was sentenced to three years' probation. He was ordered not to have unsupervised contact with minors.

On appeal, defendant presents the following point for our consideration:

A-3272-23

POINT I
THE PROSECUTOR'S DECISION TO DENY [DEFENDANT] ENTRY INTO PTI WAS ARBITRARY AND AN ABUSE OF DISCRETION BECAUSE IT WAS BASED ON A CATEGORICAL APPROACH, CLEAR ERROR AND ERROR OF LAW AND THE COURT'S DENIAL OF THE PTI APPEAL MUST BE REVERSED BECAUSE THE COURT FAILED TO APPLY THE PREVAILING LEGAL STANDARDS.

"PTI is a 'diversionary program through which certain offenders are able to avoid criminal prosecution by receiving early rehabilitative services expected to deter future criminal behavior.'" State v. Johnson, 238 N.J. 119, 127 (2019) (quoting State v. Roseman, 221 N.J. 611, 621 (2015)). "[T]he prosecutor's decision to accept or reject a defendant's PTI application is entitled to a great deal of deference." Roseman, 221 N.J. at 624. "[T]o overturn a prosecutor's decision to exclude a defendant from the program, the defendant must 'clearly and convincingly' show that the decision was a 'patent and gross abuse of . . . discretion.'" State v. K.S., 220 N.J. 190, 200 (2015) (omission in original) (quoting State v. Wallace, 146 N.J. 576, 582 (1996)).

The scope of the appellate review of a PTI rejection "is severely limited," and "serves to check only the 'most egregious examples of injustice and unfairness.'" State v. Negran, 178 N.J. 73, 82 (2003) (quoting State v. Leonardis, 73 N.J. 360, 384 (1977)). However, "[w]hen a reviewing court

13

determines that the 'prosecutor's decision was arbitrary, irrational, or otherwise an abuse of discretion, but not a patent and gross abuse' of discretion, the reviewing court may remand to the prosecutor for further consideration." K.S., 220 N.J. at 200 (quoting State v. Dalglish, 86 N.J. 503, 509 (1981)).  Moreover, "[i]ssues concerning the propriety of the prosecutor's consideration of a particular [PTI] factor are akin to 'questions of law'" and must be reviewed de novo.  State v. Denman, 449 N.J. Super. 369, 375-76 (App. Div. 2017) (quoting State v. Maddocks, 80 N.J. 98, 104 (1979)).

Deciding whether to permit a defendant to divert to PTI "is a quintessentially prosecutorial function," Wallace, 146 N.J. at 582, for which a prosecutor is "granted broad discretion."  K.S., 220 N.J. at 199.  It involves the consideration of the non-exhaustive list of seventeen statutory factors enumerated in N.J.S.A. 2C:43-12(e), to "make an individualized assessment of the defendant considering his or her 'amenability to correction and potential responsiveness to rehabilitation.'"  Roseman, 221 N.J. at 621-22 (internal quotation marks omitted) (quoting State v. Watkins, 193 N.J. 507, 520 (2008)).  The Supreme Court's Guidelines accompanying Rule 3:28 work in harmony with the seventeen individual factors listed in N.J.S.A. 2C:43-12(e).

An abuse of discretion has occurred where it can be proven "that the [PTI] denial '(a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment[.]'" State v. Lee, 437 N.J. Super. 555, 563 (App. Div. 2014) (quoting State v. Bender, 80 N.J. 84, 93 (1979)). "In order for such an abuse of discretion to rise to the level of 'patent and gross,' it must further be shown that the prosecutorial error complained of will clearly subvert the goals underlying [PTI]." Roseman, 221 N.J. at 625 (quoting Bender, 80 N.J. at 93). "The extreme deference which a prosecutor's decision is entitled to in this context translates into a heavy burden which must be borne by a defendant when seeking to overcome a prosecutorial veto of his admission into PTI." State v. Kraft, 265 N.J. Super. 106, 112 (App. Div. 1993).

Defendant argues that both the State and trial court predicated the denial of his PTI application on a prohibited categorical basis. He contends the error was exacerbated when the State failed to fully reassess all the relevant factors following the comprehensive psychological evaluation, as only factor six was reanalyzed. Defendant asserts that nearly every factor favors PTI.

A categorical exclusion from PTI based solely on the nature of the offense without consideration of the individual defendant is patently and grossly

15

arbitrary. State v. Caliguiri, 305 N.J. Super. 9, 17 (App. Div. 1997). In Caliguiri, one of the defendants was indicted for assault by auto while intoxicated. Id. at 16-17. The prosecutor did not provide a statement of reasons for the denial of PTI but instead generalized that a person indicted for assault by auto based on driving while intoxicated should always "face vigorous prosecution for their conduct. Any other result would be a disservice to the public interest." Id. at 17.

Here, the State analyzed the specific enumerated statutory factors as applied to the facts of defendant's case. The State considered every factor, weighing several in favor of defendant, and did not categorically deny PTI admission based solely on the charged offense. Our review does not reveal any "patent and gross" abuse of discretion by the State. Bender, 80 N.J. at 93. We discern no reason to disturb the trial court's order.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division